■ LISA ROBINSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 10, 1988, which denied the defendant's motion for summary judgment, is unanimously reversed, on the law and the facts, motion is granted, and the complaint is dismissed, without costs.

In 1984, Ms. Lisa Robinson resided in apartment 13-F, located in 286 South Street (building), New York County. This building is part of the Two Bridges Houses Complex, and the landlord is the New York City Housing Authority (NYCHA).

Early in the morning hours of August 9, 1984, since a man was following Ms. Robinson, she hastily entered the building's main entrance, and the outer door closed behind her, but did not lock. Using her key, Ms. Robinson then opened the inner door. However, before that self-locking inner door could close, the man caught up with Ms. Robinson, and also entered the lobby. Subsequently, as Ms. Robinson entered the express elevator to the fourteenth floor, with the intent to walk down one flight to her apartment, that man also entered that elevator.

When the elevator arrived at the fourteenth floor, the man (assailant) prevented Ms. Robinson from exiting it. Thereafter, the assailant forced her to remain in that elevator until it reached the twenty-sixth floor, and then he forced her up the stairs to the roof, where he raped her.

On or about December 12, 1984, Ms. Robinson (plaintiff) commenced an action against the NYCHA (defendant) to recover damages for the injuries she suffered as a result of the rape. The theory of plaintiff's action is that she was raped due to defendant's negligence in allegedly leaving the outer door in disrepair.

Following the joinder of issue, the defendant moved for summary judgment. Plaintiff opposed, and the IAS court denied that motion.

Although defendant is a governmental entity, when it "acts in a proprietary capacity as a landlord, it is subject to the same principles of tort law as is a private landlord" *(Miller v State of New York,* 62 NY2d 506, 511 [1984]).

Since the instant building was erected after January 1, 1968, and contains more than eight apartments, it is subject to the Multiple Dwelling Law § 50-a (2) requirement that the defendant equip the building with an intercommunication system (intercom), which must be located outside of a self-locking door, which provides access to the lobby where some apartments are located. Furthermore, Multiple Dwelling Law § 50-a (2) states, in pertinent part, that the intercom "shall consist of a device or devices for voice communication between the occupant of each apartment and a person outside [the self-locking] door * * * and to permit such apartment occupant to release the locking mechanism of said door from the apartment".

Our review of the record indicates that defendant has complied with Multiple Dwelling Law § 50-a (2) since the building contains an intercom which is located outside of a self-locking door. The plaintiff does not contend that this inner door was not locked at the time of the incident and, in fact, plaintiff, in her examination before trial, admitted that she used her key to open that door.

We do not find any language in Multiple Dwelling Law § 50-a (2) which indicates that a landlord has a duty to lock the outer door which leads from the street to an intercom. It appears to us that it would be illogical to require a locked outer door under these circumstances, since such a locked door would prevent visitors and residents, who did not have their keys with them, from reaching the intercom.

Multiple Dwelling Law § 50-a (1) only requires landlords to lock the outer door of a building when that outer door opens directly into the lobby where some apartments are located. Since the plaintiff entered through an outer door which led to

a locked inner door, we find subdivision (1) inapplicable herein.

Based upon our analysis *supra,* we find that defendant did not breach any duty to plaintiff.

In *Waters v New York City Hous. Auth.* (69 NY2d 225, 229 [1987]), the Court of Appeals held "The question of the scope of an alleged tort-feasor's duty is, in the first instance, a legal issue for the court to resolve".

Since we find that the defendant is not liable, the IAS court erred in denying its motion for summary judgment.

Accordingly, we reverse, grant defendant's motion, and dismiss the complaint.

We have considered the other points raised on appeal, and find them to be without merit. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Rubin, JJ.